FILED
United States Court of Appeals
Tenth Circuit

September 4, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CALEB LEE GILES,

    Defendant - Appellant.

No. 24-5039
(D.C. No. 4:22-CR-00136-JDR-1)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Caleb Lee Giles pled guilty to one count of sexual abuse of a minor in Indian country and one count of coercion and enticement of a minor in Indian country. His plea agreement contained a broad appellate waiver that permitted an appeal only if his sentence exceeded the statutory maximum for his crimes—15 years and life imprisonment, respectively. The district court sentenced Mr. Giles to 180 months in prison for the first crime and 210 months in prison for the second crime, to run concurrently. This sentence was below the statutory maximum.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Despite the appeal waiver in his plea agreement, Mr. Giles filed this appeal. The government moves to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). In response, Mr. Giles conceded "his appellate waiver is enforceable under [*Hahn*]" and stated that "he does not oppose the government's motion to enforce the appellate waiver." Resp. at 1. Based on Mr. Giles's concession, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court

Per Curiam